## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

BLAINE HARRINGTON III                    )
    Plaintiff                            )
                                         )
v.                                       )          Case No.  20-cv-1111 LF-JFR
                                         )
MONICA BOEHMER, D.D.S., P.C.,            )
    Defendant.                           )

_____

## VERIFIED ANSWER AND COUNTERCLAIMS OF  DEFENDANT/COUNTERCLAIM PLAINTIFF MONICA BOEHMER, DDS, PC

Defendant Monica Boehmer, D.D.S., P.C. ("Boehmer") here answers, asserts affirmative defenses and submits counterclaims, in response to the complaint of Plaintiff Blaine Harrington III ("Harrington").

## ANSWER

Boehmer answers the numbered paragraphs of Harrington's complaint as follows:

1.    Boehmer admits the allegations of this paragraph of Harrington's complaint.

2.    Boehmer admits the allegations of the first sentence of this paragraph of Harrington's complaint, and asserts that the second sentence of this paragraph states a legal conclusion that requires no response.

3.    Boehmer does not dispute the allegations of this paragraph of Harrington's complaint.

4.    Boehmer does not dispute the allegations of this paragraph of Harrington's complaint.

5.    Boehmer admits the allegations of this paragraph of Harrington's complaint except that it denies that it has engaged in infringement.

6.      Boehmer does not dispute the allegations of this paragraph of Harrington's complaint.

7.      Boehmer does not dispute the allegations of this paragraph of Harrington's complaint.

8.      Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof.

9.      Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof.

10.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof, except that it denies Exhibit 3 is what Harrington represents it to be.

11.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof.

12.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof.

13.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof.

14.     Boehmer denies the allegations of this paragraph of Harrington's complaint.

15.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof.

16.     Boehmer repeats and incorporates by reference its responses set forth with respect to the previous numbered allegations of Harrington's complaint.

17.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof.

18.     This paragraph of Harrington's complaint states a legal conclusion that requires no response.

19.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof, except that it denies that it has violated Harrington's rights or engaged in infringement of any of his copyright rights.

20.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof, except that it denies it engaged in any acts of infringement or that any of its actions were willfully in disregard of Harrington's rights.

21.     Boehmer denies the allegations of this paragraph of Harrington's complaint.

22.     Boehmer is without knowledge or information sufficient to admit or deny the allegations of this paragraph of Harrington's complaint, and so denies them and demands strict proof thereof, except that it denies having done any of the wrongful acts, knowing or otherwise, alleged by Harrington in this paragraph of his complaint.

23.     Boehmer denies the allegations of this paragraph of Harrington's complaint.

## AFFIRMATIVE DEFENSES

Boehmer asserts the following affirmative defenses to Harrington's complaint:

1.     Harrington's complaint is barred by Harrington's bad faith inequitable conduct in acting as a copyright troll to lure and entrap Boehmer into downloading an image that Harrington knowingly allows to be shown on the internet without indication of his connection with the photograph or his claim of copyright ownership, for the improper purpose of exacting money from those like Boehmer, all as part of his business operation.

2.     Harrington's complaint is barred by Harrington's unclean hands.

3.     Harrington's complaint is barred by his abuse of the copyright laws of the United States.

4.     Harrington's claims are barred by principles of waiver and estoppel, in that he has waived his rights to enforce any copyright he may own by virtue of his conduct alleged by Boehmer herein.

## COUNTERCLAIMS

Boehmer alleges counterclaims against Harrington, as follows:

1.     Defendant Harrington is a photographer and businessman who conducts the business of luring innocent individuals and profit and non-profit businesses into downloading copies of photographs he has taken, without identifying those photographs as being his works or subject to copyright protection, and then threatening to sue or suing those individuals or entities in order to exact money from them.

2.     Harrington conducts the business of a copyright troll.  In the conduct of his business he has taken photographs featuring scenic views of New Mexico, including mountains

4

in New Mexico and images of hot air balloons at the time of Albuquerque's Annual Balloon Fiesta, all of which have considerable visual appeal.  Rather than concentrate his business on the sale or licensing of those images, Harrington has pursued a believed-to-be unique business model, by which he has consciously allowed his photographs to be made available to the public on websites without providing notice that he claims to be the copyright owner of those photographs, all done intentionally so as not to inform members of the public of his claim to such ownership; then monitors public access to those websites to identify persons who download those images; then engages in searches of the web to determine if those persons who have downloaded the subject images reproduce or otherwise use them for any purpose; and upon learning of such reproductions or uses, contacts the persons who have downloaded the images, announces his claim to copyright ownership of the subject images, and threatens to sue the person unless they pay him an amount that could fairly be characterized as extortionate, given the market value for such images.

3.     On information and belief Harrington sets the amount of payment demanded from such person to be many times the fair market value of a license or purchase of such photographic image, but in an amount he knows and intends to be less than the amount of attorney's fees a person charged by him would have to pay to defend a claim in court.

4.     If the person so identified by Harrington declines to pay him the amount demanded, he regularly files suit for copyright infringement against those persons in federal courts throughout the United States.  On information and belief Mr. Harrington has threatened hundreds of such persons with copyright infringement lawsuits over the past several years; and he in fact has filed suit against such persons in those courts in well over 50 instances over the

same time period.  A disproportionate number of the suits Harrington has filed have been filed in the United States District Court for New Mexico.

5.       All the actions described above are a part of a scheme Harrington has developed and pursues in order to lure individuals into downloading images of photographs in which he claims to own copyright; to then monitor access to those images in order to determine who has downloaded them and used them for any purpose that may be determined by access to the internet; and then with the assistance of legal counsel threaten to sue and sue such persons for amounts that are legally unreasonable, excessive and extortionate, knowing that the costs of defense of such claims, whether or not they are valid, would considerably exceed the cost of tribute demanded by the photographer who has orchestrated the scheme.

6.       In 2019 a Boehmer staff member downloaded an image from a website that provided no information identifying the fact that the image was copyrighted, or that Mr. Harrington was the photographer or owner of any rights in that image.  Boehmer intended to use the image, which appeared to be a conventional image of balloons common in Albuquerque, for use as a background image for its own Facebook page.

7.       Acting in accordance with his business model as described above, Harrington identified Boehmer as having downloaded an image from a website that did not identify Mr. Harrington as the owner of copyright; discovered that Boehmer had posted the subject image as background to its own Facebook page; and then, on information and belief, directed his lawyer to pursue a claim for copyright infringement against Boehmer.

8.       In all its actions described above, Boehmer was unaware of any claim by Harrington that copyright in the image was owned by him.  Once Boehmer became aware that Harrington claimed to own the copyright in the image it had used as a backdrop for its Facebook

page, Boehmer immediately took down, and has made no further use or reproduction of that image.

9.     In furtherance of his scheme to improperly and unlawfully extort money from others, Harrington filed the instant lawsuit against Boehmer.

## COUNT I
## (Declaratory Judgment under 28 U.S.C. § 2201 et seq.)

10.    Boehmer realleges and incorporates herein by reference the allegations in paragraphs 1 through 9 above.

11.    There exists an actual controversy between the Parties as to whether Harrington, by his conduct described herein, has been and is misusing protection provided by the U.S. Copyright Act to owners of creative works of authorship in filing his lawsuit against Boehmer.

12.    For the reasons set forth above, Harrington has misused and is further threatening to misuse any copyright he owns in the image that is the subject of his claim against Boehmer , and Boehmer  is entitled to a declaratory judgment that Harrington's conduct precludes his claim for copyright infringement against Boehmer.

## COUNT II
## (Misuse of Copyright)

13.    Boehmer realleges and incorporates by reference the allegations of paragraphs 1 through 12 above.

14.    By his actions described above Harrington has misused and continues to misuse the copyright laws, as part of a conscious pattern of conduct, intended to cause injury to others and obtain benefits to himself for which the copyright laws were not designed or enacted.

15.    By these actions described above Harrington has caused Boehmer to suffer damages, in an amount to be determined at trial.

**COUNT III**
**(Violation of New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 et seq.)**

16.     Boehmer realleges and incorporates herein by reference the allegations in paragraphs 1 through 15 above.

17.     By his actions described above, Harrington has acted knowingly and willfully, as part of his regular course of business conduct prior to and in connection with his dealings with Boehmer, sought to lure Boehmer and others into unwittingly committing entirely innocent violations of the Copyright Act, and to sue such persons, and in doing so falsely represent to the public that he is acting in good faith in legitimate pursuit of his rights, all in a way that is injurious to the targets of his misconduct, such as Boehmer herein, and the myriad of other members of the consuming public who have been and in the future may be entrapped by his calculated misuse of the copyright laws.  All this is injurious to the public and fair competition with respect to other photographers who do not engaged in such misuse of their copyrights and their customers.

18.     By these actions described above Harrington has damaged Boehmer and threatens to further damage Boehmer and others, in violation of the New Mexico Unfair Practices Act, and Boehmer is entitled to recover three times its actual damages and to receive an award of attorney's fees it reasonably incurs in securing relief it is seeking.

**COUNT IV**
**(Prima Facie Tort)**

19.     Boehmer realleges and incorporates herein by reference the allegations in paragraphs 1 through 18 above.

20.     By intentionally committing the actions described herein of asserting ownership of copyright in his photographic image and suing for infringement, Harrington engaged in conduct that would be legal, had he not done so after having knowingly and intentionally lured Boehmer

8

into downloading and reproducing the subject image as part of his business model, but here for the improper purpose of attempting to exact extortionate payment from Boehmer.

21.     By his actions described above Harrington's conduct was for the purpose of and has had the effect of causing damage to Boehmer, and Boehmer is accordingly entitled to recover damages for prima facie tort, in an amount to be determined at trial.

## RELIEF REQUESTED

For the reasons and based on the facts alleged above, Boehmer requests the Court enter judgment in its favor, as follows:

1.     ORDER that Harrington's claims be denied and that his complaint be dismissed with prejudice.

2.     ORDER that Harrington be permanently enjoined from threatening to sue or suing Boehmer for copyright infringement with respect to images Harrington makes publicly available without identifying the fact that such images are subject to copyright protection or that he is the copyright owner of the image, acting pursuant to Harrington's business model by which he attempts to lure innocent persons to download and use such images.

3.     ORDER Harrington to pay Boehmer damages in an amount to be proven at trial.

4.     ORDER Harrington to pay Boehmer damages in an amount three times its actual damages.

5.     ORDER Harrington to pay Boehmer punitive damages for Harrington's knowing, willful and malicious action in violation of Boehmer's rights.

6.     ORDER Harrington to pay Boehmer the costs and attorney's fees it reasonably incurs in seeking relief in this matter.

7.     ORDER such further relief as the Court deems just and proper.

## JURY DEMAND

Boehmer demands trial by jury on all claims asserted herein for which trial by jury is

allowed.

> Respectfully submitted,
> By: /s/ Jeffrey L. Squires
> PEACOCK LAW P.C.
> Jeffrey L. Squires
> NM Bar No.  143015
> 201 Third St. NW, Suite 1340
> Albuquerque, NM  87102
> Tel:  (505) 998-6116
> Fax:  (505) 243-2542
> *Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

BLAINE HARRINGTON,           )
    Plaintiff                )
                             )
v.                           )        Case No.  20-cv-1111 LF-JFR
                             )
MONICA BOEHMER, DDS, PC,     )
    Defendant.               )

## VERIFICATION

Monica Boehmer, being the president of Monica Boehmer D.D.S., P.C., the

Defendant/Counterclaim Plaintiff in the above-captioned matter, having read the Verified

Answer and Counterclaims to which this Verification is appended, states that she is an adult,

over the age of 18 years; that she resides in New Mexico; that the facts stated in the Verified

Answer and Counterclaims are, to the best of her knowledge, true and correct, unless otherwise

indicated; and that she believes Defendant/Counterclaim Plaintiff is entitled to the relief sought

in this Answer and Counterclaims.

I declare under penalty of perjury, as of this _13_ day of ~~January~~ *November* 2020, that the foregoing

is, to the best of my knowledge, true and correct.

 

Monica Boehmer
President
Monica Boehmer D.D.S., P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BLAINE HARRINGTON,          )
    Plaintiff          )
                   )
v.          )        Case No.  20-cv-1111 LF-JFR
                   )
MONICA BOEHMER, DDS, PC,          )
    Defendant.          )

**CERTIFICATE OF SERVICE
FOR
ANSWER AND COUNTERCLAIMS OF DEFENDANT/COUNTERCLAIM PLAINTIFF
MONICA BOEHMER, DDS, PC**

I hereby certify that on this _13_ day of November, 2020, a true and correct copy of Answer and Counterclaims of Defendant/Counterclaim Plaintiff Monica Boehmer, DDS, PC was filed through the Court's CM/ECF system causing the following counsel of record to be served:

David C. Deal
P.O. Box 1042
Crozet, VA  22932
Tele.:  434-233-2727
david@daviddeal.com

*/s/ Jeffrey L. Squires*

G:\A-Clients\Boehmer, Dr. Monica\LIT\Answer and Counterclaims of Defendant Boehmer 111020.docx