UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BLAINE HARRINGTON III, | |
| Plaintiff/Counter-Defendant, | |
| v. | Civil Action No.: |
| MONICA BOEHMER DDS PC, | 1:20-cv-01111-LF-JFR |
| Defendant/Counter-Claimant. | |

PLAINTIFF BLAINE HARRINGTON'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM AND MEMORANDUM IN SUPPORT

Plaintiff BLAINE HARRINGTON III ("Plaintiff" or "Harrington") by and through its undersigned counsel, moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendant's Counterclaims for failure to state claims upon which relief can be granted, and in support thereof incorporates the following Memorandum in Support.

INTRODUCTION

The Counterclaims filed by Defendant MONICA BOEHMER DDS PC ("Defendant" or "Boehmer") is merely an attempt by Defendant to distract this Court from the fact it is a copyright infringer. Defendant's counterclaims are reckless, unbelievable, and most importantly absent of even the most basic supporting details.

Defendant's Counterclaims do not state any facts sufficient to render plausible its claims that Harrington, a successful and award-winning commercial photographer with over forty years of experience violated any state or Federal law in the pursuit of enforcing his copyright as is his

right under the U.S. Copyright Act as the author and copyright holder of his original photographs.

Concerning the allegations of misconduct, Defendant simply summarizes its wildest fantasies of how and under what circumstances it could possibly not be liable for the clear infringement of Harrington's copyrighted intellectual property.

The Counterclaims lacks allegations of fact sufficient to render its conclusory, threadbare allegations plausible. Defendant's Counterclaims state at most conclusory claims, not plausible ones, and should therefore be dismissed for failure to state a claim.

In violation of black letter rules of pleading, the Counterclaims do not even attempt to specify how or under what circumstances Harrington may have pulled off his "scheme" of intentionally seeding the internet with his uncredited images so he may then reap the illegal benefits of extorting "innocent" individuals who were victimized by the plan. If the plan imagined by Defendant were believable or plausible (it is not), Defendant bears the burden of providing certain, elementary details of the scheme: Times, dates, technology used, assistance, to name a few. Defendant provides none. In place of such details, Defendant's Counterclaim simply protests Harrington's actions that happen to be squarely within the bounds of the Copyright Act's original and continuing purpose, which is to permit a legal recourse for authors of original work to seek compensation when infringement of their copyrighted work takes place. Defendant's pleading is woefully inadequate and is particularly insufficient in a case alleging such sophisticated and serious allegations.

ARGUMENT

I.     LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court must dismiss a plaintiff's claim if it appears from

the pleadings that the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). While the Court should accept as true all well-pleaded factual allegations in the plaintiff's complaint, it may not accept "conclusory allegations without supporting factual averments." *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); see also *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

As the Supreme Court emphasized in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . Factual allegations must be enough to raise a right to relief above the speculative level." Accord *United States ex rel. Conner v. Salina Reg'l Health Ctr.*, 543 F.3d 1211, 1216 (10th Cir. 2008) (dismissal appropriate when complaint "lacks enough facts to state a claim for relief that is plausible on its face"). Under Fed. R. Civ. P. 12(b)(6), a failure to comply with the heightened pleading standards established by Rule 9(b) is grounds for dismissal. See, e.g., *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 (10th Cir. 1997). The pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556) (emphasis added). "Mere possibility of misconduct" is not enough to show entitlement to relief under Rule 8 and is certainly not enough to "nudge[] [plaintiff's] claims of invidious discrimination 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 679-80.

"[T]he tenet that a Court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Thus, to avoid dismissal at the pleading stage, a complaint must contain well-pleaded factual allegations that plausibly give rise to an entitlement to relief. See *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

The *Twombly* and *Iqbal* decisions prescribe a two-step process for analyzing the sufficiency of a complaint. First, the Court should identify the allegations in the complaint that are not entitled to the assumption of truth. In particular, the Court must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 556 U.S. at 678-80. Second, the Court must consider the remaining factual allegations in the petition to determine if they plausibly suggest an entitlement to relief. Facts that are merely consistent with a defendant's liability "stop[] short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678. Rather, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (emphasis added). Only then do they fulfill the requirement of Federal Rule of Civil Procedure 8(a)(2) that the petition provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Id*.

Under the *Iqbal/Twombly* standards, Defendant has not adequately pled any of its claims. Defendant's allegations of unlawful conduct do not even rise to the level of "labels and conclusions" and "formulaic recitation[s] of the elements of the cause[s] of action," which would still be well short of the standard. See *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 556 U.S. at 678-80.

For each of its claims, Defendant fails to offer any facts to support any of the necessary elements, or simply alleges the ultimate factual conclusion without any supporting factual content that would render its conclusion plausible. Defendant certainly does not provide any factual allegations that "raise a right to relief above the speculative level." See *Twombly*, 550 U.S. at 555. Defendant has failed to allege sufficient facts in support of its claims for relief, and the Court must dismiss Defendant's Counterclaims.

II. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF

As stated in Defendant's Counterclaims, Defendant alleges Harrington engages in the following activities (emphasis added):

- conducts the business of *luring innocent individuals and profit and non-profit businesses into downloading copies of photographs he has taken*, without identifying those photographs as being his works or subject to copyright protection, and then threatening to sue or suing those individuals or entities in order to exact money from them.

- consciously *allows his photographs to be made available to the public on websites* without providing notice that he claims to be the copyright owner of those photographs, *all done intentionally so as not to inform members of the public of his claim to such ownership*; then monitors public access to those websites to identify persons who download those images; then engages in searches of the web to determine if those persons who have downloaded the subject images reproduce or otherwise use them for any purpose; and upon learning of such reproductions or uses, contacts the persons who have downloaded the images, announces his claim to copyright ownership of the subject images, and threatens to sue the person unless they pay him an amount that could fairly be characterized as extortionate, given the market value for such images.

- sets the amount of payment demanded from such person to be *many times the fair market value of a license or purchase of such photographic image*, but in an amount he knows and intends to be less than the amount of attorney's fees a person charged by him would have to pay to defend a claim in court.

- regularly files suit for copyright infringement against those persons in federal courts throughout the United States.

- A disproportionate number of the suits Harrington has filed have been filed in the United States District Court for New Mexico.

At least according to Defendant, Harrington spends his time and effort as a commercial photographer not by planning and executing detailed trips throughout the world capturing marketable images on his own dime (which he does) but figuring out ways he can without detection "lure" innocent individuals into discovering his unmarked and uncredited images online, and downloading them so Harrington can then swoop in and "extort" the copiers into forking over an unwarranted and illegal monetary penalty. Further, Defendant theorizes that Harrington has for some reason targeted individuals and businesses in New Mexico, ignoring the obvious fact that all copyright infringement cases brought by Harrington in New Mexico involve copying of images that include subject matters unique to New Mexico, including in this case the Albuquerque Balloon Fiesta. Harrington, as the copyright holder to a library of more than one million images captured over a forty-year period, may choose to pursue or not to pursue copyright infringement matters at his discretion. Further, Defendant ignores the obvious possibility that Harrington's images of the Albuquerque Balloon Fiesta, like this case, are copied without license or permission at a greater clip than others (which is indeed true), and by simple logic are copied more by infringers who reside or are headquartered in New Mexico.

Defendant's Counterclaim omits basic and important facts concerning United States copyright law. First, an author and copyright holder such as Harrington has an undeniable, straightforward, and explicit right to enforce his copyrights under the U.S Copyright Act. Second, an author and copyright holder such as Harrington has but one legal option to pursue infringers of his copyrighted photographs when the infringer, as in this case, refuses to acknowledge his claims and/or compensate him for the unauthorized use of his copyrighted and timely-registered photographs, and that is to file suit in U.S. District Court to seek relief. Third, copyright infringement as defined under the U.S. Copyright Act, is just short of strict liability,

and does not require a copyright holder like Harrington to "identify[] those photographs as being his works or subject to copyright protection," as asserted by Defendant. Such a requirement has not been part of the Copyright Act since 1978. In fact, the entire legal duty of determining whether an original work may be copied falls on the copier. Fourth and most importantly, Defendant appears to be under the impression that Harrington "make[s] his photographs available to the public," (gasp) then somehow reaches into those same individuals' homes or places of work while they are browsing the internet, and "lures" them into not only locating the images online but convincing them to copy his photographs, but not after they failed to perform their legal duty to properly license the works. The allegations are fantastical, and of course accompanied by no details of any kind, not even a hint, of how Harrington may accomplish such actions.

## CONCLUSION

Because Defendant's Counterclaims do not allege facts sufficient to state plausible claims that Harrington violated any Federal or State law in the pursuit of enforcing his copyright under the U.S. Copyright Act, the Court should dismiss the Counterclaims, and grant any further relief it deems appropriate.

Dated: December 4, 2020             __/s/__*David C. Deal*_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*